# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KATELYNN MARIE COOPER,

      Plaintiff,

    v.                                   Case No. 2:18-cv-67
                                          Judge George C. Smith
                                          Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Katelyn Marie Cooper ("Plaintiff"), brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 15), Plaintiff's Reply Memorandum (ECF No. 16), and the administrative record (ECF No. 7). For the reasons that follow, the undersigned **RECOMMENDEDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I. PROCEDURAL BACKGROUND

Plaintiff filed her application for Supplemental Social Security Income on January 28, 2014, alleging that she had been disabled since August 21, 2012. (R. 200–05.) On August 22, 2016, following initial administrative denials of Plaintiff's application, a hearing was held before

Administrative Law Judge Paul E. Yerian (the "ALJ"). (*Id.* at 59–94.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Dr. Jerry Olsheski (the "VE") also appeared and testified at the hearing. On December 30, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 30–50.) On December 1, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action.

## II. THE ALJ'S DECISION

On December 30, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 30–50.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had engaged in substantially gainful activity during 2012, but that there has been a continuous 12-month period(s) during which Plaintiff did not engage in substantial gainful activity. (*Id.* at 32.) The ALJ found that Plaintiff has the severe impairments of obesity; a history of thyroid cancer with status post thyroidectomy; an affective

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

disorder; an anxiety disorder; and a history of substance abuse. (*Id.* at 33.) He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 34.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, [the ALJ] find[s] that the [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant cannot climb ladders, ropes, or scaffolds or work around hazards, such as unprotected heights or dangerous machinery. She cannot not engage in commercial driving. [Plaintiff] can perform simple, routine, repetitive tasks with infrequent changes in work duties or processes that do not involve strict production quotas, fast assembly line pace, more than occasional contact with coworkers or supervisors, or direct face-to-face interaction with the public.

(*Id.* at 37.)

In assessing Plaintiff's RFC, the ALJ considered the opinion evidence in the record, including the opinions of the state-agency consultants, Roseann Umana, Ph.D., and David Demuth, M.D. The state agency consultants found that Plaintiff "can perform simple tasks in a setting with few social demands" (*id.* at 103) and that Plaintiff "can relate on a *superficial* basis to coworkers and supervisors. She is markedly reduced for public interactions and would work best in small groups or alone." (*Id.* at 116 (emphasis added).) The ALJ assigned "significant" weight to the opinions of the state-agency psychologists, explaining as follows:

> I afford significant weight to the State Agency consultants' mental assessments evidenced at Exhibits 1A and 3A. The consultants opined the claimant demonstrated moderate limitations in each area of functioning, noting she was able to understand, remember, and follow at least simple 1–3 step directions; could adapt to work settings in which duties were routine and predictable; could relate on a superficial basis to coworkers and supervisors; would be markedly reduced in relation with public interactions; would work best in small groups or alone; and would have reduced ability to respond to change, set realistic goals, and make independent plans. The consultants' assessments are generally consistent with the mental medical evidence of record, supporting some moderate mental limitations. The record supports the claimant receives assistance from her case manager, but remains able to independently care for her personal care and administer her own medications. She reported some history of interpersonal conflict, but she was able

3

> to interact appropriately with her family, boyfriend, and neighbor, as well as interact with the community to obtain her housing. The claimant reported some concentration and focus deficits; however, she remains able to leave her home unaccompanied, go shopping, prepare meals, and manage her household. The consultants are well qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to limitations. The State Agency consultants are deemed to possess specific "understanding of our disability programs and their evidentiary requirements" (Social Security Ruling 96-6p). Therefore, I have afforded their mental assessments significant weight.

(*Id.* at 47.) The ALJ further explained his rationale for Plaintiff's mental RFC as follows:

> I have appropriately considered the claimant's history of anxiety and affective disorders and their accompanying symptoms and has [*sic*] reasonably reduced the claimant to the performance of work at all exertional levels with the following nonexertional limitations, performing simple routine, repetitive tasks in a setting with infrequent changes in work duties or processes that do not involve strict production quotas, fast assembly line pace, more than occasional contact with coworkers and supervisors, and no direct face to face interaction with the public.

(*Id.* at 40–41.)

At step five of the sequential process, the ALJ, relying on the VE's testimony, found that considering Plaintiff's age, education, past work experience, and RFC, she can perform jobs that exist in significant numbers in the national economy. (*Id.* at 48.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

In her Statement of Errors (ECF No. 10), Plaintiff raises three contentions of error. First, she contends that the ALJ failed to properly weigh the opinions of her treating psychiatric nurse, Sue Smith, APRN. For her second contention of error, Plaintiff asserts that, although the ALJ gave "significant weight" to the opinions of the state-agency psychologists, the ALJ failed to incorporate their recommended limitations into her RFC. Her third contention of error asserts that the ALJ improperly determined that her migraines did not constitute a severe impairment.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to

proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

The undersigned finds that remand is required because the ALJ assigned significant weight to the opinions of the state-agency consultants, but failed to adequately explain why certain limitations were altered when incorporated into Plaintiff's mental RFC.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted). An ALJ is required to explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Despite assigning significant weight to the state-agency consultants' opinions (R. 47), the ALJ failed to adequately explain why he limited Plaintiff to "*occasional* contact with coworkers or supervisors" instead of contact "on a *superficial* basis [with] coworkers and supervisors" as recommended by Dr. Demuth. The terms "occasional" and "superficial" are not interchangeable. *See Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas

'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)). Thus, the absence of any explanation requires remand. *See, e.g.*, *Barker v. Astrue*, No. 5:09 CV 1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred by failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent Plaintiff can interact with co-workers and supervisors"); *Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) ("The ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").[2]

Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ

---

[2] The Commissioner cites *Reeves v. Comm'r of Soc. Sec.*, which held that a state-agency consultant's opinion that the claimant could "relate to a few familiar others on a superficial basis" was accounted for by limiting the claimant's RFC to "only occasional interaction with the public." 618 F. App'x 267, 275 (6th Cir. 2015). The *Reeves* decision, however, did not specify the amount of weight given to the state-agency consultant's opinion and did not analyze the distinction between "superficial" and "occasional" contact. The undersigned therefore does not find *Reeves* to require a different result.

assigns significant weight to a particular opinion and states it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the undersigned finds that reversal is warranted because the ALJ assigned significant weight to the state-agency psychologists' opinions, but failed to include a limitation for "superficial" interaction or offer an adequate explanation for how the RFC he assessed accommodated that limitation.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

## V. DISPOSITION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE